## George Browne *versus* John F. Hilton.

A sale by an unlicensed person, of different kinds of spirituous liquors, in less quantities than twenty-eight gallons of each, but exceeding that amount, in the aggregate, the whole being delivered and carried away at one time, is not a violation of Revised Stat. *c.* 47, § 3, prohibiting the selling, without license, of " wine, brandy, rum, or other spirituous liquors, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time."

By an agreed statement of facts it appeared, that this was assumpsit for six gallons of brandy, six of gin, six of rum, and about sixteen of three different kinds of wine, all sold, delivered and carried away at one time, on the 29th of December, 1836 ; and that the plaintiff was not licensed to sell wine or spirituous liquors at the time of the sale.

The writ was dated on the 28th of October, 1837.

The Revised Stat. *c.* 47, § 3, provides that "no person shall presume to be a retailer or seller of wine, brandy, rum, or other spirituous liquors, in a less quantity than twenty-eight

gallons, and that delivered and carried away all at one time, unless he is first licensed as a retailer of wine and spirits, on pain of forfeiting twenty dollars for each offence."

If the plaintiff could maintain this action, notwithstanding he was not a licensed retailer, judgment was to be rendered in his favor ; otherwise, he was to become nonsuit.

*Ward*, for the plaintiff, to the point, that the sale in question was not a violation of Revised Stat. *c.* 47, § 3, cited Dwarris on Stat. 711, 738 ; *Owens* v. *Porter*, 4 Carr. & Payne, 367 ; *Baldey* v. *Parker*, 2 Barn. & Cressw. 37; *Champion* v. *Short*, 1 Campb. 53.

*Stickney*, for the defendant, cited *Commonwealth* v. *Eaton*, 9 Pick. 165.

SHAW C. J. afterward drew up the opinion of the Court. Supposing the sale to be illegal and void, under the statute then in force, Revised Stat. *c.* 47, § 3, in the same manner as if the statute had declared sales prohibited by it, to be in· valid and void, still the question in this case is, whether it was a sale prohibited by the statute or not ; and the Court are of opinion that it was not. The statute was not designed to prohibit the wholesale trade in wine and spirits ; the purpose was, to provide that it should not be retailed for use, except by those who should be approved as fit persons to be intrusted with that power. The sales of the articles of brandy, gin, rum and wine are equally prohibited, and no distinction is made. There shall be no one sale of them of less than twenty-eight gallons, to be completed by one delivery, and carried away at one time, to prevent collusion. But if it is purchased at one time, by one contract, it is as much one sale, when composed of several different kinds of spirits, as if an equal quantity of one species of liquor had been taken. It·is equally in its character a wholesale dealing with a customer, who buys to sell again. The statute itself decides what a retail dealing is, by fixing it at less than twenty-eight gallons. *Commonwealth* v. *Eaton*, 9 Pick. 165. If the quantity of spirits and wine, all purchased by one order or contract and carried away at one time exceed twenty-eight gallons, it is not prohibited by the statute. *Owens* v. *Porter*, 4 Carr. & Payne, 367. And upon a similar principle it is held, under the statute of frauds,

that a sale of several articles, at one time, each of a price less
then £ 10, but in the aggregate exceeding that sum, is a sale
for over £ 10, and so void, if not proved by a note in writing.

*Defendant defaulted.*